UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH RUTIGLIANO,

                              Plaintiff,                   **REPORT AND**
                                                             **RECOMMENDATION**
                                                             CV 17-6360 (ADS) (ARL)
   -against-


U.S. DEPARTMENT OF JUSTICE,

                              Defendant.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiff, Joseph Rutigliano commenced this action against the defendant, United States Department of Justice ("DOJ"), seeking an Order, pursuant to 5 U.S.C.§ 552, Freedom of Information Act ("FOIA"), enjoining the DOJ from withholding a 11-page prosecution declination memorandum ("PDM"). Before the Court, on referral from District Judge Spatt, are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

## BACKGROUND

      Plaintiff was formerly a Long Island Railroad ("LIRR") conductor and union local president. Am. Compl. ¶ 3. This action follows Plaintiff's criminal conviction in the United States District Court for the Southern District of New York for participating in a scheme to defraud the United States Railroad Retirement Board ("RRB") by filing fraudulent disability

pension applications on behalf of LIRR employees. *See generally, United States v. Rutigliano*, 887 F.3d 98 (2d Cir. 2018).

On June 15, 2017, Plaintiff's counsel submitted a FOIA request to U.S. Attorney for the Eastern District of New York ("USAO-EDNY"). Declaration For Tricia Francis dated June 8, 2018 ("Francis Dec.") Ex. A. This request sought memoranda prepared by the USAO-EDNY, regarding an investigation into alleged fraudulent activity involving the RRB, hereinafter referred to as the PDM. *Id*. Plaintiff's counsel submitted a second letter dated July 7, 2017 addressed to the USAO-EDNY as well as the Executive Office for United States Attorneys ("EOUSA") repeating this request. Francis Dec. Ex. B. The DOJ responded to Plaintiff's counsel's FOIA requests in letters dated August 16 and October 2, 2017. Francis Decl. Exs. C & E. The DOJ denied the request because the FOIA requests submitted by Plaintiff's counsel sought the records of a third party, Plaintiff, but did not provide a written authorization for release. By letter dated January 23, 2018 to the EOUSA Plaintiff's counsel renewed his FOIA requests. Francis Dec. Ex F. He enclosed two executed Certificates of Identity with Plaintiff's information and signature. *Id*. On February 1, 2018, following a review of the PDM, the EOUSA determined that it should be withheld in full pursuant to Exemptions 3, 5, 6, and 7(C). Francis Dec. at ¶ 30. By letter dated February 7, 2018, the EOUSA informed Plaintiff's counsel that his request was denied pursuant to FOIA Exemptions 3, 5, 6, and 7(C). Francis Decl. Ex. H. On February 12, 2018, Plaintiff appealed the EOUSA determination to the Office of Information Policy ("OIP"). Am. Compl. ¶ 14(a). The OIP closed Plaintiff's appeal on March 22, 2018. Francis Dec. Ex. L. By letter dated March 30, 2018, the EOUSA notified once again Plaintiff the denial was pursuant to Exemptions 3, 5, 6, 7(C), 7(D), and 7(E). *Id*. Ex. H

2

Plaintiff initially filed his complaint on November 1, 2017 alleging that the DOJ had failed to comply with and improperly denied Plaintiff's FOIA. An Amended Complaint was filed on March 30, 2018, following Plaintiff's renewed FOIA request. Plaintiff moved for summary judgment on December 14, 2018. Plaintiff argues that disclosure of the PDM is necessary to demonstrate that "one of the 'reasons' for declining criminal prosecution rested on the fact that RRB standard for occupational disability pension eligibility was so lenient as to render proof of intentional fraud untenable." Rutigliano Reply ("Pl. Reply") at 1. Plaintiff takes the position that this information will demonstrate that he was wrongfully prosecuted. *Id*. at 3. The DOJ crossed moved for summary judgment on March 4, 2019 arguing that the PDM falls within several FOIA exemptions. By Order dated April 1, 2019, Judge Spatt referred both motions to then Magistrate Judge Brown. By Order dated May 1, 2019 Judge Brown recused himself and this matter was reassigned to the undersigned. By Order dated May 31, 2019, Judge Spatt referred the pending motion for summary judgment to the undersigned.

## DISCUSSION

### I. Standards of Law

Both parties have moved for summary judgment. Summary judgment in the FOIA context is governed by the same rules as in any other context. *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 811 F. Supp. 2d 713, 733 (S.D.N.Y. 2011) "'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Puglisi v. Town of Hempstead*, No. 10 CV 1928, 2012 WL 4172010, *6 (E.D.N.Y. Sept. 17, 2012) (quoting *In re Blackwood Assocs., L.L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)).

3

"'Summary judgment is the preferred procedural vehicle for resolving FOIA disputes.'" *Ctr. for Popular Democracy v. Bd. of Governors of the Fed. Reserve Sys.,* 16-CV-5829 (NGG)(SMG), 2019 U.S. Dist. LEXIS 118198, 2019 WL 3207829 (E.D.N.Y. July 16, 2019) (quoting *Labella v. Fed. Bureau of Investigation*, No. 11-CV-23 (NGG), 2012 U.S. Dist. LEXIS 37830, 2012 WL 948567, at *6 (E.D.N. Y. Mar. 19, 2012). To prevail on a motion for summary judgment in the FOIA context the defending agency must show that "'any withheld documents fall within an exemption.'" *Davis v. U.S. Dep't of Homeland Sec.*, No. 11-CV-203 (ARR)(VMS), 2013 U.S. Dist. LEXIS 91386, 2013 WL 3288418, at *6 (E.D.N.Y. June 27, 2013) (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). Consistent with its purpose, "FOIA exemptions are to be construed narrowly, resolving all doubts in favor of disclosure, and the government bears the burden of establishing that any claimed exemption applies." *Associated Press v. U.S. Dep't of Def.,* 554 F.3d 274, 283 (2d Cir. 2009) (internal quotations and citations omitted). "The agency may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." *Minier v. C.I.A.,* 88 F.3d 796, 800 (9th Cir. 1996) (internal quotation marks and citation omitted). A district court "may grant summary judgment in favor of an agency on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (internal quotation marks and citation omitted). "Affidavits or declarations supplying facts . . . giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden" and are "accorded a presumption of

4

good faith." *Carney*, 19 F.3d at 812 (2d Cir. 1994) (citing *Safecard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200, 288 U.S. App. D.C. 324 (D.C. Cir. 1991)).

## II. Analysis

"FOIA was enacted to promote honest and open government . . . and to ensure public access to information created by the government in order to hold the governors accountable to the governed." *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) (internal quotation marks and citations omitted). To that end, FOIA "requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir. 2005). FOIA provides nine categories of information that are exempt from disclosure. *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279, 287 (2d Cir. 1999). The "exemptions are 'explicitly made exclusive,' and must be 'narrowly construed.'" *Milner* v. *Department of Navy*, 562 U.S. 562, 565, 131 S. Ct. 1259, 179 L. Ed. 2d 268 (2011) (quoting *Federal Bureau of Investigation v. Abramson*, 456 U.S. 615, 630, 102 S. Ct. 2054, 72 L. Ed. 2d 376 (1982); *Environmental Prot. Agency v. Mink*, 410 U.S. 73, 79, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973)); *see also Am. Civil Liberties Union v. Dep't of Def.*, 543 F.3d 59, 66 (2d Cir. 2008), vacated on other grounds, 558 U.S. 1042, 130 S. Ct. 777, 175 L. Ed. 2d 508 (2009). "The burden of persuasion rests on the agency; '[d]oubts, therefore, are to be resolved in favor of disclosure.'" *Schwartz v. Dep't of Def.,* 15-CV-7077 (ARR) (RLM), 2017 U.S. Dist. LEXIS 2316, 2017 WL 78482, at *20 (E.D.N.Y. Jan. 6, 2017) (quoting *Am. Civil Liberties Union*, 543 F.3d at 66). The DOJ has claimed that the PDM may be withheld from production on the basis of three of those exemptions -- Exemptions 3, 5, and 7 (C).

### A. Exemption 5

5

"Exemption 5 encompasses traditional discovery privileges, including work-product and deliberative process privileges." *Sussman v. United States DOJ*, 03 Civ. 3618 (DRH) (ETB), 2008 U.S. Dist. LEXIS 58746, 2008 WL 2946006, at *9 (E.D.N.Y. July 29, 2008) (citing *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S. Ct. 1060, 149 L. Ed. 2d 87 (2001); *Wood v. FBI*, 432 F.3d 78, 83 (2d Cir. 2005)). This exemption "also protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions [and] policies are formulated.'" *Wood*, 432 F.3d at 83 (quoting *Sears, Roebuck & Co. v. NLRB*, 421 U.S. 132, 150, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975)) (internal quotation marks and citations omitted).

The DOJ argues that the PDM is exempted from production because it constitutes attorney work-product and its contents are reflective of the deliberative process of the DOJ because it contains the Assistant United States Attorney's ("AUSA") views, analysis and recommendations as part of a process to assist the USAO-EDNY's decision-making in whether to file criminal charges (none were filed by the USAO-EDNY). In support of the DOJ's claims of attorney work product and deliberative process, the DOJ has submitted a declaration made by Tricia Francis, an Attorney-Adviser with the EOUSA which provides that "[t]he information that is contained in this record is a communication between the AUSA who was assigned to conduct this Grand Jury investigation, and his supervisor." Francis Decl. at ¶ 40. The declaration further states that the PDM "contains the following matters: a) investigative strategy, b) personal evaluations and opinions pertinent to the investigation; c) deliberations concerning an assessment of the facts that were gathered during the Grand Jury investigation; d) the mental impressions of the AUSA as he assessed the evidence that was gathered; and e) a presentation which shows the strategies that were employed by the Government during its investigation." *Id.* The Declaration concludes that

6

"[d]isclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision making." *Id*.

### 1. Attorney Work Product

With respect to the DOJ's claim that the PDM is exempt from disclosure under the work-product doctrine, Plaintiff argues that DOJ's use of "buzz words" such as "investigative strategies" and "impressions" does not go far enough to preclude the production of a document setting forth the reasons for the decision not to pursue charges. Pl. Reply Mem. at 3.

The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena Dated Mar. 19, 2001 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003); *see* Rule 26(b)(3). This doctrine preserves the privacy of an attorney's mental impressions and strategies. *Id.* at 383-84; *see Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S. Ct. 385, 91 L. Ed. 451 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel"). "This same confidentiality applies to the work product of government. A lawyer to a government agency, like a lawyer to any private litigant, must 'assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy.'" *N.Y. Times v. Dep't of Justice*, 939 F.3d 479, 489 (2d Cir. 2019) (quoting *Hickman*, 329 U.S. at 511). "Forcing agencies to disclose this work product in response to FOIA requests would render it impossible for agency staff to effectively perform their jobs." *Id.* "The work product of government attorneys is therefore entitled to the same protection as that of private lawyers." *Id.* (quoting *Sears*, 421 U.S. at 154).

In *N.Y. Times v. Dep't of Justice*, 939 F.3d at 489, the Second Circuit held that prosecutorial determinations of whether or not to pursue a criminal prosecution were exempt from disclosure

7

under the work product doctrine. *Id*. at 493-492. In rejecting the application of the "working law doctrine" to such prosecutorial determinations, the Court reasoned that prosecutorial decisions are not precedential "because of the inherent discretion prosecutors have to enforce the law" and therefore are not binding on the public. *Id*. at 492; *see also Kishore v. U.S. Dep't of Justice*, 575 F. Supp. 2d 243, 259-60 (D.D.C. 2008) (concluding that the work-product doctrine applied to records explaining the government's reasons for declining to prosecute). The Court then went on to determine if the privilege had been waived. *Id*. at 494. Here, Plaintiff has not argued that the work product privilege has been waived by the DOJ. Rather, Plaintiff argues that the DOJ description of the document is insufficient, claiming that the use of buzzwords in the declaration renders the description of the document inadequate. The Court disagrees. "The phrases that plaintiff derides as 'buzz words' are in fact better classified as descriptive terms that help convey the relevant content of documents without divulging the privileged information that Exemption 5 is meant to protect." *Judicial Watch, Inc. v. United States Dep't of Hous. & Urban Dev.*, 20 F. Supp. 3d 247, 258 (D.D.C. 2014).

Plaintiff's position that the declaration uses "buzz words" rather than providing the "reason for the final decision of the USAO-EDNY to decline criminal prosecution" does not support his position that the declaration fails to adequately describe the PDM as work product. The Frances Declaration sufficiently explains that the PDM was exempt from disclosure under the work product doctrine because it contains "investigative strategy" along with "mental impressions of the AUSA as he assessed the evidence that was gathered." *Id*. at ¶ 40. According to the declaration, the PDM also discussed "strategies that were employed by the Government during its investigation" *Id*. This is the textbook definition of attorney work product which is designed "to shield mental impressions, conclusions, opinions or theories concerning the litigation."

8

*United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1999).  Accordingly, "the Court finds that the declaration is sufficiently detailed for the Court to determine that the agency properly withheld the documents."  *Roman v. C.I.A.*, No. 11 Civ. 2390 (JFB)(WDW), 2012 U.S. Dist. LEXIS 175455, 2012 WL 6138487, at *7 (E.D.N.Y. Dec. 11, 2012) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977)).

*King & Spalding LLP v. United States HHS*, 330 F. Supp. 3d 477 (D.D.C. Sept. 7, 2018), cited by Plaintiff, is not to the contrary.  In *King & Spalding*, the affidavit in question sought to justify an exemption under 7(D), which protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to disclose the identity of a confidential source," and, "in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . information furnished by [the] source." 5 U.S.C. § 552(b)(7)(D).   The court in *King Spalding* held that "Francis's declaration contains unhelpful generalities" because it failed to provide any context for the anonymous source's disclosure, or provide detailed descriptions of the documents withheld, or reveal whether the testimony was provided based upon a promise that the source's identity would remain confidential.  *Id*. at 490.  Here, to the contrary, the declaration adequately describes the document and its contents.

### 2. Deliberative Process Privilege

Although the Court find that the document falls within the protections of the work product doctrine, the Court also finds that the deliberative process privilege applies to protect the documents from further disclosure.  With respect to the deliberative process exemption, Plaintiff

9

argues that the declaration "fails to address the critical question of whether the exchange between the AUSA and his superior finalized the 'reason' for declining prosecution." Pl. Reply at 3.

"The deliberative process privilege applies to documents that are predecisional and deliberative." *N.Y. Times v. U.S. Dep't of Justice*, 101 F. Supp. 3d 310, 318 (S.D.N.Y. 2015) (citation omitted). "A document is predecisional if it is 'prepared in order to assist an agency decisionmaker in arriving at his decision' and deliberative if it is 'actually related to the process by which policies are formulated.'" *Id*. (quoting *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 194 (2d Cir. 2012)).

This exemption has two requirements. First, "the communication must be 'inter-agency or intra-agency.'" *Klamath*, 532 U.S. at 8-9. Second, "the document must be (i) 'predecisional, i.e., prepared in order to assist an agency decisionmaker in arriving at his decision,' and (ii) 'deliberative, i.e., actually related to the process by which policies are formulated.'" *Brennan Ctr. for Justice*, 331 F. Supp. 3d at 93 (citing *Nat'l Council of La Raza*, 411 F.3d at 356). "In addition, as with all exemptions, withholding under Exemption 5 is permissible only if an 'agency reasonably foresees that disclosure would harm an interest protected by [the] exemption.'" *New York Times Co. v. United States Dep't of State*, No. 19-cv-645 (JSR), 2019 U.S. Dist. LEXIS 113743, 2019 WL 2994288, at *3 (S.D.N.Y. July 9, 2019) (quoting 5 U.S.C. § 552 (a)(8)(A)(i)(I)).

Here, each of these requirements are satisfied. The document in question is between the AUSA and his superior. Francis Dec. at ¶ 40. The document was prepared to assess whether or not to commence prosecution based upon a grand jury investigation. Def. Reply at 2. And the Frances Declaration, which is afforded a presumption of good faith, *ACLU v. United States DOJ*, 252 F. Supp. 3d 217, 226 (S.D.N.Y. 2017), makes clear that "[d]isclosure would jeopardize the

10

candid and comprehensive considerations essential for efficient and effective agency decision making." Frances Dec. at ¶ 40. Indeed, documents of this nature "have routinely been found to be exempt from disclosure under FOIA." *Worldnetdaily.com, Inc. v. United States DOJ*, 215 F. Supp. 3d 81, 83 (D.D.C. 2016) (citing cases).

Plaintiff argues that the Francis Declaration fails to address the critical question of whether the memorandum finalized the "reason" for declining prosecution and this is the information sought. However, "[t]he issue of whether disclosure is required by FOIA turns on the nature of the document, not the particular party requesting it. Thus, an individual applicant's need for information is not to be taken into account in determining whether materials are exempt." *Gov't Land Bank v. General Services Admin.*, 671 F.2d 663, 665 (1st Cir. 1982) (citing *Federal Open Market Committee v. Merrill*, 443 U.S. at 362-63, 99 S. Ct. at 2813; *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 n.16, 95 S. Ct. 1504, 1515 n.16, 44 L. Ed. 2d 29 (1975); *EPA v. Mink,* 410 U.S. at 86, 93 S. Ct. at 835). In addition, "an agency is not obligated under the FOIA to provide answers to a requester's questions." *Hall v. Fed. Bureau of Prisons*, 132 F. Supp. 3d 60, 67 (D.D.C. 2015), aff'd, 15-5303, 2016 WL 6237817 (D.C. Cir. Sept. 1, 2016)). Here, despite Plaintiff's need for the "reason for declining prosecution" the PDM itself properly falls within Exemption 5 and therefore may be withheld from production.

Similarly unavailing is Plaintiff's argument that the United States Attorney's Manual ("USAM") requires disclosure of the reason for the determination not to move forward with prosecution. Def. Reply at 2. The law is clear that the USAM creates no substantive or procedural rights. *See, e.g., United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) ("it is clear that the USAM does not create any substantive or procedural rights"); *United States v. Piervinanzi*, 23 F.3d 670, 682–83 (2d Cir. 1994) (citing *United States v. Ivic,* 700 F.2d 51, 64 (2d

Cir. 1983) ("non-compliance with internal [Justice Department] guidelines is not, of itself, a ground of which defendants can complain") (citations omitted)).

The undersigned finds that the facts set forth in the Francis Declaration are facially adequate to justify the DOJ's withholding of PDM on the basis of the work product doctrine as well as the deliberative process privilege pursuant to Exemption 5 and thus respectfully recommends that the Court deny Plaintiff's motion for summary judgment and grant the DOJ's motion for summary judgment.

### 3. Exemptions 3 and 7(C)

The DOJ has also argued that the PDM can be withheld from production pursuant to Exemptions 3 and 7(C). Because this Court finds that the PDM falls squarely within Exemption 5 under both the work product doctrine and the deliberative process privilege it is unnecessary to consider whether the PDM may also be withheld under these exemptions.

### C. Segregablity

"Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007). FOIA mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "This provision requires agencies and courts to differentiate among the contents of a document rather than to treat it as an indivisible 'record' for FOIA purposes." *F.B.I. v. Abramson*, 456 U.S. 615, 626, 102 S. Ct. 2054, 72 L. Ed. 2d 376 (1982); *accord Sussman*, 494 F.3d at 1116 ("Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld.").

12

However, "[w]ith respect to the work product doctrine, because the protection applies to both factual and opinion-related material, no segregability issues arise." *Shinnecock Indian Nation v. Kempthorne,* 652 F. Supp. 2d 345, 371 (E.D.N.Y. 2009) "Any part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under Exemption 5." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620, 326 U.S. App. D.C. 53 (D.C. Cir. 1997) (internal quotation marks omitted).

The DOJ argues that the PDM is exempt from disclosure under both the work product doctrine and the deliberative process privilege and therefore no segregability issue arises. Def. Reply at 19. In addition, the DOJ argues that the Francis Declaration states that a review of the document was undertaken and "segregability of the record was not reasonably possible due to the nature and content of the protected information." Francis Dec. at ¶ 46. Plaintiff has not provided any basis to defeat the presumption of good faith to which this declaration is entitled. This declaration combined with the Court's finding that the PDM constitutes attorney work product provides a sufficient basis on which to grant summary judgment to the DOJ.

**D. In Camera Review**

Plaintiff also argues that before ruling on the pending motions for summary judgment the Court should conduct an in camera review of the PDM. Pl. Reply at 1-2. "'In camera review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion.'" *ACLU v. DoD*, 17 Civ. 3391 (PAE), 2020 U.S. Dist. LEXIS 13435 (S.D.N.Y. Jan. 27, 2020) (quoting *Int'l Bhd. of Elec. Workers v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988)); *see also New York Times Co. v. United States DOJ*, No. 14 Civ. 3776, 2016 U.S. Dist. LEXIS 139885, 2016 WL 5946711, at *5 (S.D.N.Y. Aug. 18, 2016) ("In FOIA cases, courts should conduct in camera review only as a last resort"). "[I]f an agency's

13

statements supporting exemption contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise . . . the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions." *Id*. (quoting *Wilner*, 592 F.3d at 76).

Because the necessary information is contained in the Francis Declaration the Court sees no reason whatsoever to conduct an in camera review of the PDM. Accordingly, the undersigned respectfully recommends that Plaintiff's request for an in camera review be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      February 28, 2020                     _____/s/_____
                                                   ARLENE R. LINDSAY
                                                   United States Magistrate Judge