**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSEPH RUTIGLIANO,

                Plaintiff,

        -against-

U.S. DEPARTMENT OF JUSTICE,

               Defendant.
-------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 20 2020   ★

LONG ISLAND OFFICE

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-6360 (ADS) (ARL)

**APPEARANCES:**

**Joseph W. Ryan, P.C.**
*Attorney for the Plaintiff*
225 Old Country Road
Melville, NY 11747

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza
Central Islip, NY 11722
      By:    Vincent Lipari, Esq., Assistant United States Attorney.

**SPATT, District Judge:**

# I.    BACKGROUND

## A. Initial Proceedings

      On November 1, 2017, the Plaintiff Joseph Rutigliano (the "Plaintiff") brought an action against the United States Department of Justice (the "Defendant") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). ECF 1. In March 2018, he filed an amended complaint, alleging that the United States Attorney's Office for the Southern District of New York ("SDNY USAO") prosecuted him for defrauding the United States Retirement Board into wrongfully paying tens of millions in occupational disability pensions for retired Long Island

1

Railroad workers, including himself. ECF 14 at 1–2. The Plaintiff alleged that he is currently serving a 96-month sentence based on that prosecution. *Id.* The Plaintiff further alleged that the Southern District prosecuted him after the United States Attorney's Office for the Eastern District of New York ("EDNY USAO") declined to do so, and that the EDNY USAO issued a prosecution declination memorandum ("PDM") explaining that decision. *Id.*

The Plaintiff also alleged that the Defendant had on several occasions denied FOIA requests concerning the PDM. *Id.* at 3–4. He wished to review the PDM in order to confirm his theory that the SDNY USAO "contrived his conviction and violated his right to due process of law" by suppressing evidence that the Retirement Board had in fact re-approved the allegedly fraudulent pensions, and manufacturing as an incorrect standard for determining a disability. *Id.* at 3. The Plaintiff asked for the Court to order the Defendant to produce the PDM; to enjoin the Defendant from withholding all non-exempt records concerning the requested information; and to grant him attorney fees and costs. *Id.* at 5.

The Plaintiff moved for summary judgment in December 2018. ECF 20. He submitted the testimony of Martin Dickman, the Retirement Board's Inspector General, from a hearing before the United States House of Representatives' Subcommittee on Government Operations. ECF 20-5. The Defendant also moved for summary judgment. ECF 25. In support of its motion, the Defendant submitted a declaration by Tricia Francis, an attorney-adviser with the EDNY USAO ("the Francis Declaration,") in which she described the contents of the PDM. ECF 24.

**B. The R&R**

On May 31, 2019, the Court referred the motions to United States Magistrate Judge
Arlene R. Lindsay for a Report and Recommendation as to whether the motions should be
granted, and if so, what relief should be awarded.  ECF 32.

On February 28, 2020, Judge Lindsay issued the Report and Recommendation ("R&R"),
recommending that the Court deny the Plaintiff's summary judgment motion and grant the
Defendant's summary judgment motion.   ECF 35.   Judge Lindsay relied on the Francis
Declaration when describing the PDM:

> [T]he DOJ has submitted a declaration made by Tricia Francis, . . . which
> provides that "[t]he information that is contained in this record is a
> communication between the AUSA who was assigned to conduct this Grand Jury
> investigation, and his supervisor."  The declaration further states that the PDM
> "contains the following matters: a) investigative strategy; b) personal evaluations
> and opinions pertinent to the investigation; c) deliberations concerning an
> assessment of the facts that were gathered during the Grand Jury investigation; d)
> the mental impressions of the AUSA as he assessed the evidence that was
> gathered; and e) a presentation which shows the strategies that were employed by
> the Government during its investigation."   The Declaration concludes that
> "[d]isclosure would jeopardize the candid and comprehensive considerations
> essential for efficient agency decision making."

*Id.* at 6–7 (internal citations omitted).

Judge Lindsay ruled that the PDM's discussion of strategies made it "the textbook
definition of attorney work product," and thus protected it from disclosure under FOIA
Exemption 5.  *Id.* at 8–9.  Judge Linsday also ruled that the PDM fell within Exemption 5's
deliberative process privilege, again relying on the Francis Declaration:

> The document in question is between the AUSA and his superior.  The document
> was prepared to assess whether or not to commence prosecution based upon a
> grand jury investigation.  And the Franc[i]s Declaration, which is afforded a
> presumption of good faith, makes clear that "[d]isclosure would jeopardize the
> candid and comprehensive considerations essential for efficient and effective
> agency decision making."  Indeed, documents of this nature "have routinely been
> found to be exempt from disclosure under FOIA."

*Id.* at 10–11 (internal citations omitted).  In addition, the Court ruled that it did not need to consider the Plaintiff's individualized need for the disclosure of the PDM.  *Id.* at 11.  The Court also ruled that the Plaintiff provided no basis for segregating the record or for conducting an *in camera* review.  *Id.* at 12–14.

Presently before the Court are the Plaintiff's objections to the R&R.  For the reasons stated below, the Court overrules the Plaintiff's objections, adopts the R&R in its entirety, and closes the case.

## II.   DISCUSSION

### A. District Court Review of a Magistrate Judge's R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is

4

apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-Civ-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 44, 45 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 F. App'x 48 (2d Cir. Jan. 2, 2018) (summary order); *Frankel v. City of N.Y.*, Nos. 06-CIV-5450, 07-CV-3436, 2009 WL 456645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "'There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.'" *Toth*, 2017 WL 78483, at *7

(quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### B. Application to the Facts of This Case

The Plaintiff objects to the R&R "on the ground that the Report is unreliable, unhelpful and contrary to the objectives of the FOIA 'to promote honest an open government . . . accountable to the governed.'" ECF 36 at 2.  The Plaintiff contends that Judge Lindsay should have commenced an *in camera* review of the PDM in order to determine why the Plaintiff was prosecuted after the EDNY USAO had declined to prosecute.  *Id.*  He references the D.C. Circuit's recent decision to review *in camera* grand jury materials in an unrelated case.  *Id.* at 4.

The Plaintiff alleges that the R&R ignored Dickman's testimony before the House of Representatives.  *Id.* at 3.  The Plaintiff argues that this testimony, which included a discussion of the Retirement Board's lenient standard in awarding pensions based on disability, must be in harmony with the contents of the PDM.  *Id.*  The Plaintiff relatedly contends that the R&R "ignores the substantial public interest in preserving the integrity of the criminal justice system," and that instead, it erroneously focused on FOIA exemptions.  *Id.* at 3–4.

The Defendant opposes the Plaintiff's objections.  ECF 37.  It contends that the Plaintiff does not address any of the authorities cited in the R&R that the PDM is protected under Exemption 5's work product and deliberative process privileges.  *Id.* at 7–8.  As to the arguments raised by the Plaintiff in his objection, the Defendant contends that: (a) the Plaintiff's alleged particularized need, for disclosure of the memorandum to seek the overturning of his conviction, is irrelevant under FOIA; (b) the Francis Declaration shows that the PDM is protected in its entirety by FOIA Exemption 5; and (c) as stated in the R&R, the Court does not need to conduct an *in camera* review of the PDM.  *Id.* at 8–12.  The Court agrees.

6

The Plaintiff raises no specific objections to the conclusions made by Judge Lindsay in the R&R. As a result, the Court reviews the R&R in its entirety for clear error. *See Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, the Court has reviewed the R&R for clear error, and, finding none, fully concurs with Judge Lindsay's R&R. *See GWG MCA Capital, Inc. v. Nulook Capital, LLC*, No. 17-CV-1724, 2018 WL 1830814, at *2 (E.D.N.Y. Feb. 26, 2018) (Spatt, *J.*); *Governale v. Soler*, 319 F.R.D. 79, 81 (E.D.N.Y. 2016) (Spatt, *J.*).

Nonetheless, in the interests of justice, the Court has afforded the Plaintiff a *de novo* review. Even under this standard, the Court determines that the Plaintiff's objections are without merit. The Court's failures to review the Dickman testimony or to weigh the Plaintiff's interest in overturning his conviction were in no way relevant to whether the materials in the PDM fell under the protections of Exemption 5. *See, e.g., Johnson v. N.Y. Univ.*, No. 17-CV-6184, 2018 WL 4908108, at *4 (S.D.N.Y. Oct. 10, 2018) ("The Court did not consider whether Plaintiff met the eligibility criteria for readmission or whether NYU had improperly misplaced his records because those facts, even if true, are not relevant to the legal standards his claims were required to meet."); *see also GWA MCA Capital, Inc.*, 2018 WL 1830814, at *2 ("Any other objection is either immaterial to the findings in the R&R or otherwise irrelevant.").

The decision not to impose *in camera* review to a document in a FOIA action is within the discretion of the district court, and the Court here sees no reason to depart from Judge Lindsay's assessment of the PDM. *See Auto. Club of N.Y., Inc. v. The Port Auth. of N.Y. and N.J.*, No. 11-Civ.-6746, 2015 WL 3404111, at *8 (S.D.N.Y. May 27, 2015) ("Here, it is apparent that Magistrate Judge Pitman found that the descriptions in the 'privilege log provide[d] AAA with more than enough information to make challenges to individual categories of documents,

7

but AAA . . . declined to do so.'  Therefore, *in camera* review would serve no purpose here.") (internal citations omitted).  Here, Judge Lindsay properly relied on the Francis Declaration to rule that the PDM fell within the protections of Exemption 5, making *in camera* review unnecessary.  *See id.*; *cf. Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008) (ruling that the district court did not abuse its discretion in declining *in camera* review "[i]n light of the relatively detailed nature of the declarations").

Neither party has objected to any other part of the R&R.  As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the remaining portions of the R&R for clear error, and, finding none, now concurs in both its reasoning and result.  *See Coburn v. P.N. Fin.*, No. 13-CV-1006, 2015 WL 520346, at * 1 (E.D.N.Y. Feb. 9, 2015) (reviewing R&R without objections for clear error).

## III.    CONLCUSION

For the foregoing reasons, the Court overrules the Plaintiff's objections and adopts the R&R in its entirety.  The Defendant's motion for summary judgment, dismissing the complaint, is granted.  The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED.**

Dated: Central Islip, New York

April 20, 2020

/s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge